# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL E. CLARK,

    *Plaintiff,*

vs.

JOHN THOMAS,

    *Defendant.*

2:09-cv-02272-GMN-RJJ

ORDER

This removed prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A as well as on defendant's motion (#4) to enlarge time, plaintiff's motion (#9) for an injunction, and plaintiff's motion (#11) for sanctions and default.

### *Screening*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the

complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare, naked and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the complaint (#1-1), plaintiff Michael Clark seeks compensatory and punitive damages from Correctional Officer John Thomas in his individual capacity for failure to protect him from an attack by another inmate. The entirety of the allegations presented on the claim are as follows:

> On or about November 9, 2008, the Defendant, Correctional Officer at SDCC [Southern Desert Correctional Center] Prison, allowed another inmate in Housing Unit 8 where plaintiff was housed, to physically attack plaintiff who, as a result, was injured substantially including damage to his eye. Since that date SDCC has claimed the matter to be under investigation, prison grievance #20062811748.

> The defendant violated plaintiff's 8th and 14th Amendment constitutional rights by deliberate indifference to plaintiff's personal safety.

#1-1, at electronic docketing page 2.[1]

The above allegations fail to state a claim upon which relief may be granted under the pleading standards outlined in the Supreme Court's *Iqbal* decision. Under *Iqbal*, the complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . [based upon] 'naked assertion[s]' devoid of 'further factual development.'" 129 S.Ct. at 1949 (quoting *Twombly*). To present a plausible claim under the Eighth Amendment for failure to protect, the plaintiff must present factual allegations tending to establish that the officer was subjectively aware of the risk of harm to the inmate and did nothing to prevent the resulting harm. *See, e.g., Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001). He thus must present facts supporting reasonable inferences both that the officer was aware of facts from which the inference of a risk of harm to the inmate could be drawn and that the officer in fact drew that inference. *Id.* Conclusory allegations only that the officer "allowed" another inmate to attack the plaintiff "by deliberate indifference to plaintiff's personal safety" do not support such inferences and fail to state a plausible claim.

The complaint thus is subject to dismissal for failure to state a claim, subject to an opportunity to amend to state a claim, if possible.

## Pending Motions

Defendant's motion (#4) for an enlargement of time will be granted, such that defendant will not be required to answer any complaint or amended complaint filed in this matter until forty-five days after entry of a screening order that directs a response.

---

[1] Plaintiff additionally sought to amend the complaint and add allegations within a status report (#9). Plaintiff may not amend the complaint in this manner. Rather, under Local Rule LR 15-1, a request to amend the pleadings must be presented by a motion with the proposed amended pleading attached to the motion. Moreover, an amended pleading must be complete in itself – a complete, "stand-alone" document – that presents all of the plaintiff's claims and allegations. Plaintiff may not add additional allegations piecemeal within filings addressed to other matters. The additional allegations in the status report in any event would not state a claim for relief.

1   Given that the complaint fails to state a claim upon which relief may be granted, all
2   remaining pending motions will be denied.

3   Additionally, the filing docketed as a motion (#9) for an injunction fails to present a
4   viable request for relief on the pleadings presented. The motion seeks an injunction ordering
5   medical care for plaintiff's eye. The sole claim presented in the complaint is a claim for
6   damages against Correctional Officer Thomas in his individual capacity for an alleged failure
7   to protect plaintiff from attack. No claim alleging deliberate indifference to serious medical
8   needs is presented in the complaint. Nor is any request for injunctive relief. Nor is any such
9   relief presented as to a defendant in an official rather than individual capacity who currently
10  is in a position to provide or order medical care in response to an injunction. Plaintiff currently
11  is incarcerated in High Desert State Prison, and Officer Thomas is alleged to be employed
12  at Southern Desert Correctional Center. The pleadings thus do not provide a basis for an
13  order for injunctive relief, either as to medical care or as to any of the other disputes between
14  plaintiff and prison authorities discussed in the filing.

15  The motion (#11) for sanctions and default is without merit. Defendant filed a motion
16  for an extension to answer which precludes entry of default prior to action by the Court on the
17  motion and the expiration of any extended deadline set by the order. Plaintiff refers to the fact
18  that he is not proceeding *in forma pauperis* and that the filing fee instead was paid by the
19  removing defendant. However, screening under 28 U.S.C. § 1915A is not contingent upon
20  whether the plaintiff is seeking to proceed *in forma pauperis*.

21  IT THEREFORE IS ORDERED that the complaint is DISMISSED without prejudice for
22  failure to state a claim upon which relief may be granted, subject to leave to amend within
23  thirty (30) days of entry of this order to correct the deficiencies in the complaint if possible.

24  IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall
25  clearly title the amended complaint as an amended complaint by placing the word
26  "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall
27  place the docket number, 2:09-cv-02272-GMN-RJJ, above the word "AMENDED" in the space
28  for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in

1 itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief
2 from prior papers that are not carried forward in the amended complaint no longer will be
3 before the Court.
4     IT FURTHER IS ORDERED that defendant's motion (#4) to enlarge time is GRANTED,
5 such that defendant will not be required to answer any complaint or amended complaint filed
6 in this matter until forty-five (45) days after entry of a screening order that directs a response.
7     IT FURTHER IS ORDERED that all remaining motions (## 9 & 11) are DENIED.
8     The Clerk of Court shall provide plaintiff with a copy of the complaint (#1-1) together
9 with two copies of a Section 1983 complaint form and one copy of the instructions for same.
10     If an amended complaint is filed in response to this order, the Court will screen the
11 amended pleading before ordering any further action in this case.
12     If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final
13 judgment dismissing this action will be entered.  If the amended complaint does not correct
14 the deficiencies identified in this order and otherwise does not state a claim upon which relief
15 may be granted, a final judgment dismissing this action will be entered.
16     IT IS SO ORDERED this 22nd day of July, 2010.

                                        _____
                                        Gloria M. Navarro
                                        United States District Judge