UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL E. CLARK,<br><br>　　　　　Plaintiff,<br>vs.<br><br>JOHN THOMAS,<br><br>　　　　　Defendant. | Case No.: 2:09-cv-02272-GMN-GWF<br><br>**ORDER** |

This is a civil rights action filed by *pro se* Plaintiff Michael Clark, a former inmate with the Nevada Department of Corrections ("NDOC"). Pending before the Court is Defendant John Thomas's Motion to Vacate Trial Deadlines (ECF No. 78).

## I. BACKGROUND

Plaintiff alleges that on November 9, 2008, Defendant Thomas, a former corrections officer at Southern Desert Correctional Center ("SDCC") allowed another inmate, Dalvon Terry, access to the yard in Plaintiff's lock down segregation unit in order for Terry to assault Plaintiff.

This action was originally filed in state court and removed to this Court in November 2009. (ECF No. 1.) In July 2010, the Complaint was screened pursuant to 28 U.S.C. § 1915A, and dismissed without prejudice for failure to state a claim, and Plaintiff was given leave to amend. (ECF No. 20.) Plaintiff filed his First Amended Complaint on August 19, 2010. (ECF No. 21.) The First Amended Complaint was screened, and Plaintiff's claim for injunctive relief and his claim against Defendant in his official capacity were dismissed without prejudice, leaving Plaintiff's claim for monetary damages against Defendant in his individual capacity. (ECF No. 25.)

Defendant then filed his Answer on August 22, 2011 (ECF No. 36), and subsequently

filed a Notice (ECF No. 43) informing the Court of the parties' failed efforts to comply with the Court's order directing them to submit a proposed discovery plan. In the Notice, Defendant stated that Plaintiff refused to sign the proposed discovery plan/scheduling order and had indicated his intent to file a motion to compel instead. (ECF No. 43.)

Plaintiff's Motion to Compel (ECF No. 41) was filed on October 24, 2011, requesting production of the investigative report prepared by the NDOC Inspector General's Office, which Defendant submitted to the Court under seal (*see* ECF Nos. 45-47) and served upon Plaintiff (*see* ECF No. 51).

A Scheduling Order was issued by the Court on October 27, 2011 (ECF No. 44). The Scheduling Order set the discovery deadline as February 17, 2012, and set March 29, 2012 as the deadline to file dispositive motions. (ECF No. 44.) The Court set a deadline of January 30, 2012, for any motions or stipulations to extend discovery. (ECF No. 44.)

Plaintiff filed a Motion for Summary Judgment (ECF No. 55) on February 13, 2012, which is now fully briefed. Plaintiff also filed an improper discovery request that was stricken by the Court. (*See* ECF Nos. 56, 60.)

On March 29, 2012, Defendant filed a motion requesting an extension of time to file dispositive motions (ECF No. 65), which was granted by the Court (ECF No. 66). Defendant filed his Motion for Summary Judgment (ECF No. 69) on April 27, 2012.

On December 21, 2011, the Court set trial deadlines requiring submission of trial documents by May 24, 2012, setting calendar call for May 29, 2012, and jury trial for June 5, 2012. (ECF No. 53.) Defendant's counsel contacted Plaintiff on May 9, 2012, to request a stipulation to extend those deadlines, and Plaintiff refused. (*See* ECF No. 78.) Defendant then filed the instant motion to vacate trial deadlines. (ECF No. 78.)

II.     **LEGAL STANDARD**

The decision to grant or deny a continuance lies within the discretion of the Court. *Rios-*

*Berrios v. I.N.S.*, 776 F.2d 859, 862 (9th Cir. 1985).  Four factors are considered: (1) the likelihood a continuance would satisfy the need for which it was requested; (2) the inconvenience to the court, parties, and witnesses; (3) the extent of harm to the movant resulting from the denial of a continuance; and (4) the movant's diligence in readying his case for trial. *United States v. 2.61 Acres of Land*, 791 F.2d 666, 671 (9th Cir. 1985) (citing *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985), *amended*, 764 F.2d 675 (9th Cir. 1985)).

### III. DISCUSSION

Defendant moves to vacate the trial deadlines because the parties' motions for summary judgment are still pending and/or unripe.  Currently, Plaintiff's Response to Defendant's Motion for Summary Judgment is due May 21, 2012.  Furthermore, a joint pretrial order has not yet been filed, because the deadline to file a joint pretrial order is thirty (30) days after the Court's ruling on the dispositive motions. *See* D. Nev. R. 26-1(e)(5).  Finally, Plaintiff is still attempting to conduct discovery (*see* ECF No. 73), which indicates that Plaintiff is also not prepared for trial.

For these reasons alone, the Court agrees with Defendant that the trial deadlines set forth in the Court's December 21, 2011, Minute Order should be vacated.  Also, there is no indication that Defendant's diligence in readying his case for trial is lacking so as to justify denial of the motion.  For the reasons discussed, the Court also finds that denying the motion would result in inconvenience to the Court, the parties and witnesses, and harm to Defendant.  After receipt of the parties' joint pretrial order, the Court will reset the trial deadlines, if necessary.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Vacate Trial Deadlines (ECF No. 78) is **GRANTED**.

DATED this 16th day of May, 2012.

_____
Gloria M. Navarro
United States District Judge