UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL E. CLARK,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN THOMAS,<br><br>        Defendant. | Case No. 2:09-cv-2272-GMN-GWF<br><br>**ORDER**<br><br>Motion to Compel (#73) |

      This matter comes before the Court on Plaintiff's Request for Document Discovery (#73), filed on April 27, 2012; Defendant's Opposition to Plaintiff's Request (#77), filed on May 10, 2012; and Plaintiff's Reply (#82), filed on May 22, 2012. Plaintiff's Request for Document Discovery appears to be a request for production of documents, which should be served on Defendant and not the Court. *See* LR 26-8. Further, discovery in this matter closed on February 17, 2012 (*see* #44), and dispositive motions have already been filed by both parties. (*See* #55, #69) Nevertheless, despite the untimeliness of Plaintiff's motion and its procedural deficiencies, the Court will treat Plaintiff's Request as a motion to compel discovery in an attempt to move this case forward.

      Plaintiff appears to be requesting (1) Plaintiff's prison medical records; (2) pictures of Plaintiff's alleged injuries; (3) a copy of the Inspector General's investigation report into Defendant Thomas' alleged actions; and (4) all documents that Defendant intends to use at trial. Defendant, in its opposition, attempts to offer a compromise to Plaintiff's requests. Defendant's counsel represents that he sent copies of Plaintiff's medical records to Plaintiff on or around May 10, 2012. Defendant further states that he is in the process of locating any pictures that were taken

1 of the incident, and upon obtaining them, will disclose them to Plaintiff.  In regard to the Inspector
2 General's report, Defendant states that Plaintiff was previously supplied a copy of that report on
3 two separate occasions.  Additionally, on November 9, 2011, the Court ordered disclosure of the
4 Inspector General's report.  (*See* #50)  The Court finds Defendant's suggestions regarding the
5 requested discovery reasonable.
6      Further, the Court finds Plaintiff's request for all the documents Defendant intends to use at
7 trial premature.  Both parties have dispositive motions pending before the Court that could greatly
8 affect the scope of trial.  Documents used at trial should be disclosed in the joint pretrial order,
9 which is due 30 days after ruling on the dispositive motions. *See* Fed. R. Civ. P. 26(a)(3).
10 Accordingly,
11      **IT IS HEREBY ORDERED** that Plaintiff's Request for Document Discovery (#73) is
12 **granted** to the extent that if and when Defendants obtain photographs of the underlying incident,
13 Defendant shall provide those photographs to Plaintiff, and is **denied** in all other requests.
14      DATED this 25th day of May 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge