UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael Clark,<br><br>    Plaintiff<br><br>v.<br><br>John Thomas,<br><br>    Defendant | Case No.: 2:09-cv-02272-JAD-GWF<br><br>**Order Denying Motion to Permit Testimony of Witness Davlon Terry by Videoconference [Doc. 139] and Granting Leave for Videoconference Trial Deposition** |

This 1983 civil-rights action is brought by Michael Clark for correctional official John Thomas's alleged role in allowing another inmate to assault Clark while he was imprisoned in Nevada's Southern Desert Correctional Center. On May 27, 2014, Thomas moved for leave to present the testimony of Davlon Terry—the inmate whom Thomas allegedly allowed to attack Clark—by videoconference at the jury trial.[1]

**Discussion**

District judges can subpoena witnesses who reside, are employed, or regularly transact business in person (1) within 100 miles of a trial or (2) in the state where a trial is held.[2] Terry is imprisoned at California's North Kern State Prison in Delano, California, which is more than 300 miles from the District of Nevada's Las Vegas courthouse. The court's subpoena power therefore does not extend to compelling Terry's presence at trial in this case. Thomas's motion indicates that "Mr. Terry is willing, though, to testify via videoconference."[3]

---

[1] Doc. 139.

[2] *See* Fed. R. Civ. P. 45(c)(1)(A)–(B).

[3] Doc. 139 at 3.

Federal Rule of Civil Procedure 43(a) generally requires witnesses to testify in open court, with some exceptions. This rule "affirmatively allows for testimony by videoconference in certain circumstances."[4] It provides that, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."[5] According to the advisory-committee notes, these safeguards should ensure accurate witness identification, protect against influence by people with the witness, and provide advance notice to all parties.[6] Accurate transmission is also important.[7]

Rule 32(4)(B)–(C) provides that if "the witness cannot attend or testify [at trial] because of age, illness, infirmity, or imprisonment"—or if a party "could not procure the witness's attendance by subpoena"—the party may use a trial deposition of that witness. Under Rule 30(a), a party must obtain court leave to conduct a deposition, and the court must grant leave when "the deponent is confined in prison." While Rule 30(b)(3) permits recording by "audio, audiovisual, or stenographic means" unless the court orders a particular form of recording, the advisory comments for Rule 32(c) note that "[o]n request of any party in a jury trial, deposition testimony offered other than for impeachment purposes is to be presented in a nonstenographic form if available, unless the court directs otherwise."[8]

---

[4] *Thornton v. Snyder*, 428 F.3d 690, 698 (7th Cir. 2005) (quoting Fed. R. Civ. P. 43; Fed. R. Civ. P. 43 advisory committee's note); *see also, e.g.*, *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 500–01 (2010) (holding that videoconference testimony was supported by good cause and reasonable safeguards including the geographic distance between Oregon and Washington, DC); *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013), *cert. denied*, 13-1196, 2014 WL 1415306 (2014) (holding that district court did not abuse its discretion by refusing to permit telephonic testimony).

[5] Fed. R. Civ. P. 43(a).

[6] Fed. R. Civ. P. 43 advisory committee's note.

[7] *See id.*

[8] *See also In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 617 (D. Nev. 1998).

Before a party deposes a witness, the party must provide reasonable, written notice to all other parties that states the method for recording the testimony.[9] If the party anticipates using a nonstenographic recording method as substantive evidence—that is, if the party plans to record the witness's voice or create a video of the deposition, instead of only making a written transcript—it must provide a written transcript to the other parties before trial.[10] Local Rule 32-1 states that "[u]nless the Court orders otherwise, deposition testimony shall be offered by stenographic means."

District of Nevada judges liberally permit video depositions unless it appears that the video was requested to intimidate a witness or that editing objectionable sections of the video for trial will be difficult.[11] Video depositions have been permitted in conjunction with stenographic transcripts "[s]o long as there is a transcript of the deposition which can be used for cross-examination, in the event that use of the video may be disruptive to the orderly conduct of cross-examination."[12]

District courts have "inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[13] Federal Rule of Evidence 611 gives the trial courts "reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."

This is a civil trial, so Sixth Amendment confrontation-clause rights are not implicated. Plaintiff's participation in this case on a pro-se basis leads the Court to conclude that presenting his questions to Terry in the deposition environment, where he does not have the pressure of a jury watching his performance, will lead to a more effective inquiry and avoid wasting the jury's time.

---

[9] Fed. R. Civ. P. 30(b)(1) advisory committee's note.

[10] *Id.*

[11] *Stratosphere Corp.*, 182 F.R.D. at 617.

[12] *Id.*

[13] *United States v. U.S. Dist. Court for N. Mariana Islands*, 694 F.3d 1051, 1058 (9th Cir. 2012) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)) (citation omitted) (internal quotation marks omitted).

3

1  And evidentiary objections can be resolved before the videotaped deposition is shown to the jury at
2  trial.  Presenting Terry's testimony by prerecorded trial deposition will also mitigate any risk that
3  Terry—Clark's alleged attacker—will be subjected to harassment or undue embarrassment that
4  might otherwise be engendered were his testimony presented live.
5        Accordingly, in the interest of an orderly and efficient trial, I therefore deny the motion for
6  Terry to testify via live videoconference in trial.[14]  In lieu of live, videoconferenced testimony, I
7  order that the defendant may take the trial deposition of Terry and present that testimony at trial,
8  consistent with these directions:[15]
9        1. Defendant is granted leave to reopen discovery for the singular purpose of deposing Terry.
10
11  The deposition may be conducted via audiovisual recording.  A stenographic transcript must also be
12  taken and a transcript copy made available to Clark reasonably before trial.
13        2. Thomas must give written notice to Clark of the deposition at least 7 days before the date
14  of the deposition.  The notice should inform Clark that he can attend the deposition and that he can
15  cross-examine Terry during the deposition.  If Thomas chooses to re-direct the witness, Clark may
16  re-cross the witness, as he would at trial.
17        3. Thomas and Clark should conduct the videoconference deposition from Las Vegas,
18  Nevada.  Terry may participate from a reasonable location chosen by the California Department of
19  Corrections and Rehabilitation.
20        4. The Court must take steps to safeguard accurate identification of the witness and to protect
21  him against influence by people with him.[16]  Accordingly, the Court directs Thomas to establish a
22  proper foundation for Terry's identity in the course of the deposition.  In addition, beyond any
23  prison security officials who must guard Terry during the videoconference deposition, there should

---

[14] *See* Doc. 139.

[15] As discovery has long since closed, I grant leave to reopen discovery for this singular purpose.  *See* Doc. 44.

[16] *See* Fed. R. Civ. P. 43 advisory committee's note.

4

be no other individuals who can hear the testimony Terry gives.  Terry should be informed on the record that others cannot and should not be permitted to hear him, and he should be instructed to notify the deposing parties in the event someone enters his location.

5. If Thomas chooses to conduct this trial deposition, he should take ordinary steps to ensure accurate transmission.

6. If portions of the deposition are in conflict with the Federal Rules of Evidence, Thomas and Clark should not present those portions at trial.

**Conclusion**

Accordingly, and with good cause appearing,

**IT IS HEREBY ORDERED** that defendant John Thomas's Motion to Permit Testimony of Witness Davlon Terry by Videoconference **[Doc. 139]** is **DENIED**.

**IT IS FURTHER ORDERED** that Thomas is granted leave to reopen discovery for the singular purpose of deposing Terry by videoconference, consistent with the directions in this order.

DATED June 11, 2014.

_____
Jennifer A. Dorsey
United States District Judge

5