**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL E. CLARK, | |
| Plaintiff, | Case No. 2:09-cv-2272-GMN-GWF |
| vs. | **ORDER** |
| JOHN THOMAS, | Plaintiff's Motion of Withholding Evidence (#138) |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion of Withholding Evidence (#138), filed on May 28, 2014. Defendant filed his Response (#151) on June 9, 2014. Plaintiff filed his Reply (#154) on June 16, 2014.

This case arises out of Plaintiff's claim that while housed in the disciplinary segregation unit at Southern Desert Correction Center ("SDCC"), Defendant Thomas allowed another inmate to attack him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. *See Dkt. #21*. On August 8, 2011, Plaintiff filed a Motion for Order Grievance (#35) requesting that the Court order Defendant to disclose copies of an Inspector General Investigative Report ("IG Report") of the November 9, 2008 alleged assault on Plaintiff. *See Dkt. #35*. In Order (#38), the Court denied Plaintiff's request as premature and instead ordered the parties to file a stipulated discovery plan pursuant to LR 26-1. *See Dkt. #40.*

On October 24, 2011, Plaintiff filed a Motion for a Request for a Court Order for a Discovery Document (#41), requesting that Defendant disclose the IG Report of the alleged assault. The Court reviewed the IG Report *in camera* due to NDOC's confidentiality concerns, and issued an order granting Plaintiff's motion. The Court ordered the Defendant to disclose the IG Report to

Plaintiff no later than December 1, 2011. *See Dkt. #50*. Defendant filed a Notice (#51) indicating the report had been provided to the Plaintiff on November 16, 2011 in compliance with the Court's order. *See Dkt. #51*.

On February 13, 2012, Plaintiff filed a Second Request for Production of Documents (#56), in which he requested a transcript of the IG's recorded interviews and all written reports and records of the incident as well as Plaintiff's medical records and the disciplinary history for inmate Terry, Plaintiff's alleged assailant. *See Dkt. #56*. On March 13, 2012, the Court struck Plaintiff's motion for failing to comply with Local Rules 26-7 and Fed. R. Civ. P. 37. *See Dkt. #60*. Plaintiff was notified that requests for discovery were to be served on the Defendant, not filed with the Court. *Id*.

After discovery closed, Plaintiff filed a Motion to Compel Discovery (#73) on April 27, 2012, similarly requesting his medical records, pictures of his alleged injuries, a copy of the IG Report, and all of the documents the Defendant intended to use at trial. *See Dkt. #73*. In his Response, Defendant indicated that Plaintiff failed to serve him with a proper discovery request prior to filing the motion to compel. As to the substantive matter, Defendant stated that he sent copies of Plaintiff's medical records on May 10, 2012, and gave Plaintiff copies of the IG Report on two separate occasions. Furthermore, the Defendant indicated that he was still attempting to locate the alleged photographs. *See Dkt. #77*. The Court noted the closed status of discovery, but granted Plaintiff's motion to the extent that if and when Defendant located the alleged photographs, he was required to produce them to Plaintiff. *See Dkt. #83*.

On November 14, 2012, Plaintiff filed a Motion for Sanctions (#93) alleging Defendant violated the Court's May 25, 2012 Order (#83) by failing to deliver to Plaintiff photographs that were allegedly left out of the IG Report. In his Response (#98), the Defendant stated that after a diligent search, no photographs were located. On January 15, 2013, the Court denied Plaintiff's Motion (#93), finding Plaintiff failed to follow the procedural rules and confer with Defendant.

During a calendar call on July 29, 2013 before Judge Navarro, Plaintiff made an oral motion for an evidentiary hearing regarding Defendants withholding of evidence, which she referred to the undersigned Magistrate. *See Dkt. #122*. A hearing was conducted on August 13, 2013, wherein

Plaintiff requested photographs of his injuries that he alleged were part of the IG Report. Defense Counsel represented that after a diligent search, Defendant was unable to find any photographs concerning the alleged incident. Furthermore, Defendant indicated he was unaware of any photographs ever being taken. The undersigned explained to Plaintiff that he made no showing that the photographs ever existed and that the Court was unable to order the Defendant to produce something the Defendant states he does not have. The undersigned explained that Plaintiff would have to make some showing that the photographs existed and that Defendant failed to preserve them in order to obtain an adverse instruction that the photographs would have supported Plaintiff's case as to the injuries sustained. The Plaintiff's assertion that the photographs existed alone was not sufficient to warrant such an instruction.

At the August 13, 2013 hearing, the Court also informed the parties that discovery would not be reopened. The undersigned, however, did allow Plaintiff to make a list of the materials he previously requested but alleged he did not receive and serve a written request for those items on Defense Counsel. Defense Counsel agreed to work with Plaintiff in producing those documents in an effort to move this case forward. The Court was clear that Plaintiff should attempt to resolve the dispute with the Defendant before requesting further Court intervention. The Court advised Plaintiff that it would not revisit this issue absent new information.

On May 23, 2014, Plaintiff filed a Motion of Withholding Evidence (#138) requesting "evidence that will prove his case but the defense counsel has refuse [sic] to hand over." Plaintiff stated that "if the defendant counselor can not produce the evidence of the photo of the incidence and the rules in regulation by calendar this court should rule and favorite of Plaintiff and the jury should only deliberate on the damages." *See Dkt. #138*. In his Response (#151), Defendant indicated that Plaintiff had not contacted him per the Court's August 13, 2013 instruction before filing the present motion. *See Dkt. #151*. Furthermore, he asserted that Plaintiff had not demonstrated that Defendant failed to provide him with any evidence. Defendant alleges that "there is no indication that the photos that Plaintiff seeks were ever taken, and if they were, Defendant is not personally aware of any information pertaining to the photos, did not himself take any photos, and did not and does not have access to any such photos." *Id*.

In his Reply (#154) filed June 16, 2014, Plaintiff argued that the Defendant was not allowed to merely state that the photographs do not exist without filing legal affidavits attesting to the fact that the photographs do not exist. *See Dkt. #154* at pg. 1. Plaintiff alleged that photographs of the incident exist because that was the "normal protocol" and investigator Veronica Damon showed him photographs of both Plaintiff and inmate Terry after the incident. *Id*. at pg. 5. To support his claim, Plaintiff attached as an exhibit the AG's Response to his Request for Documents in a prior case, which contained photographs that were allegedly from the medical staff. *See Dkt. # 154* at pg. 9-18. Plaintiff further alleged that during a hearing on August 13, 2013 before Judge Dorsey, he handed Defense Counsel a written request for discovery documents. *See Dkt. #154* at pg. 6.

A variation of this motion has been brought before the Court on roughly six separate occasions. As the Court has previously explained, the Court cannot order Defendant to produce documents that he states he does not have. Plaintiff has not persuaded the Court that the Defendant is being untruthful. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Withholding Evidence (#138) is **denied**.

DATED this 18th day of June, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge